Charles D. Cole, Jr.
Newman Myers Kreines Gross Harris
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
Attorneys for Plaintiff Raymond A. Gill, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

**RAYMOND A. GILL, JR.,** :
:
                **Plaintiff,** :
:
  vs. :
:
**ACE AMERICAN INSURANCE** :
**COMPANY, MARINE UNDERWRITERS** :
**AGENCY, INC. and VALVANO** :
**INSURANCE AGENCY,** :
:
                **Defendants.** :
_____:

### COMPLAINT

      Plaintiff Raymond A. Gill, Jr., residing at 1177 Ocean Avenue, Sea Bright, New Jersey 07760, complaining of the defendants, Ace American Insurance Company, with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106, Marine Underwriters Insurance Agency, Inc., with its principal place of business at 4155 Litchfield Exchange, Pawleys Island, South Carolina 29585, and Valvano Insurance Agency, with its principal place of business at 16 West Elizabeth Avenue, Linden, New Jersey 07036, alleges:

      1.    Raymond A. Gill, Jr., the owner of the M/Y Continuance, brings this action to recover damages stemming from its loss when it sank on March 13, 2010. The M/Y Continuance then was covered by a marine-insurance policy issued by Ace American

Insurance, that was obtained through Valvano Insurance Agency and Marine Underwriters Agency.  Raymond A. Gill, Jr. seeks against Ace American Insurance Company damages measured by his loss of the M/Y Continuance based on a breach of a marine-insurance contract, estoppel to raise the lay-up warranty in the marine-insurance policy, and reformation of the marine-insurance policy based on a mutual mistake to remove the lay-up warranty.  Alternatively, Raymond A. Gill, Jr. seeks against Valvano Insurance Agency and Marine Underwriters Agency damages measured by his loss of the M/Y Continuance based on the negligence of Valvano Insurance Agency and Marine Underwriters Agency and their breach of contract to obtain a marine-insurance policy covering the loss of the M/Y Continuance (i.e., a marine-insurance policy without a lay-up warranty).

## PARTIES

2. Plaintiff Raymond A. Gill, Jr. is an individual.  Mr. Gill is a citizen of the State of New Jersey.

3. Defendant Ace American Insurance Company is an insurance corporation incorporated in the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

4. Defendant Marine Underwriters Agency, Inc. is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in the State of South Carolina.

5. Defendant Valvano Insurance Agency is an insurance agency with its principal place of business in the State of New Jersey.

## JURISDICTION

6. This court has jurisdiction over this action under section 1333 of the Judicial Code, 28 U.S.C. § 1333, because it is a case involving maritime claims within the admiralty jurisdiction.

7. This action is filed as maritime claims in admiralty within the meaning of civil rule 9(h).

## BACKGROUND

8. Raymond A. Gill, Jr. is the owner of the M/Y Continuance, a 61-foot motor yacht bearing identification number VCS61087K304.

9. The M/Y Continuance had been covered by a hull and protection and indemnity policy issued by The St. Paul Fire and Marine Insurance Company. The policy was scheduled to expire on February 2, 2010.

10. Before the insurance policy expired, Valvano Insurance Agency, through which Raymond A. Gill, Jr. had obtained earlier coverage, sought to replace the coverage on the M/Y Continuance.

11. Raymond A. Gill, Jr. relied on Valvano Insurance Agency to get for him adequate, suitable, valid, and binding coverage for damage to the M/Y Continuance and for Mr. Gill's liability from his ownership of the M/Y Continuance.

12. Valvano Insurance Agency held itself out as having the necessary skill, knowledge, and expertise in procuring adequate, suitable, valid, and binding insurance for its clients.

13. The M/Y Continuance was since its purchase insured through Valvano Insurance Agency and docked during the boating reason at Raymond A. Gill, Jr.'s then-residence, 155 Grange Avenue, Fair Haven, New Jersey, and, during the 2009–2010 storage season, at Staten Island Yacht Sales, located in Staten Island, New York. Raymond A. Gill, Jr. told Valvano Insurance Agency (and Valvano Insurance Agency told Marine Underwriters Agency) that the M/Y Continuance was laid up in the water at Staten Island Yacht Sales during the 2009–2010 storage season and was so at the suggestion of the captain of the M/Y Continuance.

14. Valvano Insurance Agency and Marine Underwriters Agency knew that the M/Y Continuance was docked for the 2009–2010 storage season at Staten Island Yacht Sales, that the M/Y Continuance would not be taken out of the water, and that the M/Y Continuance would not be laid up ashore for any part of the year.

15. To get insurance coverage for the M/Y Continuance, Raymond A. Gill, Jr. signed the signature page of a marine-insurance application and returned it to Valvano Insurance Agency. The marine-insurance application, which was provided by Valvano Insurance Agency and completed by it, contained the statement that the M/Y Continuance would be laid up ashore from December 1 to April 1. The statement was not true and was included in the application without the consent of Raymond A. Gill, Jr.

16. At the time the Valvano Insurance Agency included the statement that the M/Y Continuance would be laid up ashore in the marine-insurance application, it and Marine Underwriters Agency knew or should have known that it was incorrect because the M/Y Continuance was not and had not been laid up ashore for any part of the year.

17. Valvano Insurance Agency provided the application containing the incorrect statement that the M/Y Continuance would be laid up ashore between December 1 and April 1 of each year to Marine Underwriters Agency, Inc. (and thus to Ace American Insurance Company through its agent) for the purpose of procuring insurance coverage for the M/Y Continuance.

18. Thereafter, Ace American Insurance Company issued a marine-insurance policy number YKR Y0859076 A covering the M/Y Continuance effective from February 2, 2010 to February 2, 2011.

19. The Ace American Insurance Company policy mistakenly included a lay-up warranty that states that the M/Y Continuance would be laid up ashore between December 1 and April 1 of each year.

20. On March 13, 2010, the M/Y Continuance was totally destroyed when it sunk during a storm while docked at Staten Island Yacht Sales, resulting in a total loss of the M/Y Continuance and its contents.

21. At the time of the loss, the M/Y Continuance was insured by the Ace American Insurance Company marine-insurance policy.

22. Raymond A. Gill, Jr. provided timely notice of the loss of the M/Y Continuance to Ace American Insurance Company, Valvano Insurance Agency, and Marine Underwriters Agency, Inc.

23. Ace American Insurance Company denied liability and disclaimed coverage to Raymond A. Gill, Jr. under the Ace American Insurance Company policy for the loss of the M/Y Continuance based solely on a breach of the lay-up warranty.

## FIRST COUNT
### (BREACH OF CONTRACT)

24. Raymond A. Gill, Jr. repeats the allegations contained in paragraphs 2, 3, and 6 through 23.

25. The Ace American Insurance Company policy provides coverage to Raymond A. Gill, Jr. for the loss of the M/Y Continuance.

26. Under the terms of the Ace American Insurance Company policy, it is obligated to pay to Raymond A. Gill, Jr. the principal sum of $1,300,000 for the loss of the M/Y Continuance, together with salvage charges, storage costs, clean-up costs, and other related costs incurred by Raymond A. Gill, Jr. as a result of the loss of the M/Y Continuance.

27. Ace American Insurance Company has breached and repudiated its obligation to Raymond A. Gill, Jr. under the Ace American Insurance Company policy.

Wherefore, Raymond A. Gill, Jr. is entitled to judgment against Ace American Insurance Company in the principal sum of not less than $1,300,000, together with interest and salvage charges, storage costs, clean-up costs, and other related costs.

## SECOND COUNT
### (ESTOPPEL)

28. Raymond A. Gill, Jr. repeats the allegations contained in paragraphs 2, 3, and 6 through 23.

29. Ace American Insurance Company's denial of liability and disclaimer of coverage under its policy for the loss of the M/Y Continuance is wrongful because, without limitation, due to Ace American Insurance Company's prior knowledge (and the knowledge of its agents Valvano Insurance Agency and Marine Underwriters Agency, Inc.) that the vessel

would not be laid up ashore for any part of the year; Ace American Insurance Company thus is estopped from asserting any right it might otherwise have had to rely on the lay-up warranty to deny coverage for the loss of the M/Y Continuance.

   Wherefore, Raymond A. Gill, Jr. is entitled to judgment against Ace American Insurance Company in the principal sum of not less than $1,300,000, together with interest and salvage charges, storage costs, clean-up costs, and other related costs.

### THIRD COUNT
### (MUTUAL MISTAKE)

   30. Raymond A. Gill, Jr. repeats the allegations contained in paragraphs 2, 3, and 6 through 23.

   31. Ace American Insurance Company's issuing the policy containing the lay-up warranty was the result of mutual mistake of Raymond A. Gill, Jr. and Ace American Insurance Company or, alternatively, the result of the mistake of Raymond A. Gill, Jr. and the inequitable conduct of Ace American Insurance Company, Marine Underwriting Agency, Inc., and Valvano Insurance Agency in causing the Ace American Insurance Company policy to be issued with the lay-up warranty.

   Wherefore, the Ace American Insurance Company policy should be reformed by deleting the lay-up warranty, and Raymond A. Gill, Jr. is entitled to judgment against Ace American Insurance Company in the principal sum of not less than $1,300,000, together with interest and salvage charges, storage costs, clean-up costs, and other related costs.

## FOURTH COUNT
## (NEGLIGENCE)

32. Raymond A. Gill, Jr. repeats the allegations contained in paragraphs 2 and 4 through 23.

33. Valvano Insurance Agency and Marine Underwriting Agency, Inc., their agents, servants, and employees, represented and warranted to Raymond A. Gill, Jr. that they would take all customary and reasonable actions to procure adequate, suitable, valid, and binding insurance covering the M/Y Continuance.

34. If it is determined that defendant Ace American Insurance Company is not obligated to provide insurance coverage to Raymond A. Gill, Jr. for the loss of the M/Y Continuance under the policy, in whole or in part, the same shall have resulted from the negligence and malpractice of Valvano Insurance Agency and Marine Underwriting Agency, Inc. in negligently, recklessly, and carelessly performing their obligations to Raymond A. Gill, Jr. by failing to procure adequate, suitable, valid, and binding insurance for Raymond A. Gill, Jr. covering the M/Y Continuance.

Wherefore, if it is determined that defendant Ace American Insurance Company is not obligated to provide insurance coverage to Raymond A. Gill, Jr. for the loss of the M/Y Continuance under the Ace American Insurance policy, in whole or in part, Raymond A. Gill, Jr. shall have been damaged as a result of the negligence or malpractice of Valvano Insurance Agency and Marine Underwriting Agency, Inc. and will be entitled to judgment against defendant Valvano Insurance Agency and Marine Underwriting Agency, Inc. in the principal sum of not less than $1,300,000, together with interest and salvage charges, storage costs, clean-up costs, and other related costs.

## FIFTH COUNT
### (BREACH OF CONTRACT)

35. Raymond A. Gill, Jr. repeats the allegations contained in paragraphs 2 and 4 through 23.

36. If it is determined that Ace American Insurance Company is not obligated to provide insurance coverage to Raymond A. Gill, Jr. for the loss of the M/Y Continuance under the Ace American Insurance policy, in whole or in part, the same shall have resulted from the breach of contract of Valvano Insurance Agency and Marine Underwriting Agency, Inc. in failing to procure adequate, suitable, valid, and binding insurance for Raymond A. Gill, Jr. covering the M/Y Continuance.

Wherefore, if it is determined that Ace American Insurance Company is not obligated to provide insurance coverage to Raymond A. Gill, Jr. for the loss of the M/Y Continuance under the Ace American Insurance Company policy, in whole or in part, Raymond A. Gill, Jr. shall have been damaged as a result of the breach of contract of defendant Valvano Insurance Agency and Marine Underwriting Agency, Inc. and will be entitled to judgment against Valvano Insurance Agency and Marine Underwriting Agency, Inc. in the principal sum of not less than $1,300,000, together with interest and salvage charges, storage cost, clean-up costs, and other related costs.

      s/ Charles D. Cole, Jr.  
Charles D. Cole, Jr.  
Newman Myers Kreines Gross Harris  
Attorneys for Plaintiff Raymond A. Gill, Jr.  
14 Wall Street  
New York, New York 10005-2101  
(212) 619-4350